**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

AVIS MULLINS, individually and on behalf of all others similarly situated and UNITED Investor Community,

Plaintiffs,

v.

NOVATECH LTD., et al.

Defendants.

**ORAL ARGUMENT REQUESTED**

Case No. 1:24-cv-00824-VSB

**MEMORANDUM OF LAW OF DEFENDANTS KYLE FARMAN AND SERA ORION, LLC IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT ....................................................................................1

FACTUAL BACKGROUND ....................................................................................2

PROCEDURAL HISTORY ....................................................................................4

LEGAL STANDARD ....................................................................................6

ARGUMENT ....................................................................................6

I. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF STANDING ....................................................................................6

II. IN ADDITION TO BEING SUBJECT TO DISMISSAL FOR LACK OF STANDING, PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED ANY OF THE TWENTY-FOUR CAUSES OF ACTION AGAINST THE SERA ORION DEFENDANTS ....................................................................................9

A. Plaintiffs Fail to Adequately Allege Common Law Fraud (Count 9) and Intentional Misrepresentation (Count 10) With the Requisite Particularity Against the Sera Orion Defendants ....................................9

B. Counts 1-4, 7-8, and 19 Alleging Causes of Action for Violations of RICO, Unjust Enrichment, Conversion, and Fraudulent Conveyance Should be Dismissed Because They are not Alleged With the Requisite Particularity ....................................................................................11

C. Plaintiffs' RICO Claims Should be Dismissed for the Additional Reason as Being Barred by the Private Securities Litigation Reform Act ....................................................................................14

D. Count Five Alleging a Cause of Action for Breach of Contract Should be Dismissed for the Additional Reason That it is not Sufficiently Alleged ....................................................................................15

E. Plaintiffs' Claim for a Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 6) Should be Dismissed for the Additional Reason That it is Based on the Same Allegations as the Breach of Contract Claim ....................................................................................17

F. Plaintiffs' Claim for Unjust Enrichment (Count 7) Should be Dismissed for the Additional Reason That it is Inadequately Alleged ......18

G. Plaintiffs' Conversion Claim (Count 8) Should be Dismissed for the Additional Reason That it is Inadequately Alleged ..................................19

H. Count 11 Alleging a Cause of Action for Civil Conspiracy Should be Dismissed for the Independent Reason That New York Does not Recognize a Cause of Action for Civil Conspiracy ....20

I. Counts 12 Through 15 Alleging Violations of New York's Organized Crime Control Act Should be Dismissed for the Additional Reason That There is no Private Right of Action ....20

J. Plaintiffs Fail to State Cognizable Claims for Emotional Distress Against the Sera Orion Defendants in Counts 16-17 ....21

K. Plaintiffs' Claim for Exemplary Punitive Damages (Count 18) is not Cognizable Under New York Law ....22

L. Plaintiffs' "Statutory" Fraudulent Conveyance Claim (Count 19) Should be Dismissed for the Additional Reason That it is Inadequately Alleged ....22

M. Counts 20-22 Should be Dismissed Because There is no Private Right of Action Under the Martin Act ....23

N. Count 23 is Subject to Dismissal Because There is no Independent Cause of Action Under New York Law for Injunctive Relief ....23

O. Count 24, Alleging a Cause of Action for an Accounting, is Subject to Dismissal for Failure to Allege a Fiduciary or Confidential Relationship ....24

III. DISCOVERY SHOULD BE STAYED UNDER THE PSLRA PENDING RESOLUTION OF THE MOTION TO DISMISS ....24

CONCLUSION ....25

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Alliance Grp. Servs., Inc. v. Grassi & Co.*,
406 F. Supp. 2d 157 (D. Conn. 2005) ........ 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 6

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519 (1983) ........ 6

*Assoun v. Assoun*,
2015 WL 110106 (S.D.N.Y. Jan. 7, 2015) ........ 10

*Biehner v. City of New York*,
No. 19-CV-9646 (JGK), 2021 WL 878476 (S.D.N.Y. Mar. 9, 2021) ........ 21

*Boismenu v. Ironworks BVI, Ltd.*,
No. 23-CV-0170-OEM-JRC, 2024 WL 4648132 (E.D.N.Y. Aug. 23, 2024) ........ 18

*Brairpatch Ltd. v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004) ........ 18

*Budhani v. Monster Energy Co.*,
527 F. Supp. 3d 667 (S.D.N.Y. 2021) ........ 23, 24

*Caniglia v. Chicago Trib.-New York News Syndicate, Inc.*,
204 A.D.2d 233 (1st Dep't 1994) ........ 15

*Citicorp Int'l Trading v. Western Oil & Refining Co.*,
790 F.Supp. 428 (S.D.N.Y. 1992) ........ 21

*Command Cinema Corp. v. VCA Labs. Inc.*,
464 F. Supp. 2d 191 (S.D.N.Y. 2006) ........ 19

*CPC Int'l Inc. v. McKesson Corp.,*
70 N.Y.2d 268 (1987) ........ 23

*Daly v. Castro Llanes*,
30 F. Supp. 2d 407 (S.D.N.Y. 1998) ........ 13

*Devaney v. Chester*,
813 F.2d 566 (2d Cir. 1987)........................................................................................ 10

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*,
631 F.3d 42 (2d Cir. 2011)........................................................................................ 18

*DiVittorio v. Equidyne Extractive Indus*., Inc.,
822 F.2d 1242 (2d Cir.1987)........................................................................................ 11

*Djangmah v. Falcione*,
No. 08-CV-4027, 2013 WL 208914 (S.D.N.Y. Jan. 18, 2013) .............................................. 21

*EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co*.,
309 F. Supp. 3d 89 (S.D.N.Y. 2018)..................................................................... 17, 18

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc*.,
837 F. Supp. 2d 162 (S.D.N.Y. 2011)........................................................................ 19

*Ellison v. American Image Motor Co*.,
36 F.Supp.2d 628 (S.D.N.Y.1999) ........................................................................... 11

*Feature Syndicate, Inc. v. Miller Features Syndicate, Inc*.,
216 F. Supp. 2d 198 (S.D.N.Y. 2002)........................................................................ 13

*Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc*.,
333 F. Supp. 3d 307 (S.D.N.Y. 2018)........................................................................ 24

*Gertz v. Ponsoldt*,
297 F. Supp. 2d 719 (D.Del. 2003)........................................................................... 14

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc*.,
8 F. Supp. 3d 467 (S.D.N.Y. 2014) .......................................................................... 13

*Golden First Mortgage Corp. v. Berger*,
251 F. Supp. 2d 1132 (E.D.N.Y.2003) ..................................................................... 22

*Goldrich v. Masco Corp*.,
No. 22-CV-3769 (KMK), 2023 WL 2649049 (S.D.N.Y. Mar. 27, 2023)............................... 22

*Grandon v. Merrill Lynch & Co*.,
147 F.3d 184 (2d Cir. 1998)........................................................................................ 6

*Grgurev v. Licul*,
229 F. Supp. 3d 267 (S.D.N.Y. 2017)........................................................................ 19

*Hirsch v. Arthur Andersen*,
72 F.3d 1085 (2d Cir.1995)........................................................................................ 16

*Hunt v. Washington State Apple Advert. Comm'n*,
432 U.S. 333 (1977)...................................................................................................... 8

*In re Flutie New York Corp.*,
310 B.R. 31 (Bankr. S.D.N.Y. 2004)........................................................................... 22

*In re Livent, Inc. Noteholders Sec. Litig.*,
151 F. Supp. 2d 371 (S.D.N.Y. 2001)........................................................................... 6

*In re Morgan Stanley Info. Fund. Sec.*,
592 F.3d 347 (2d Cir. 2010)......................................................................................... 11

*In re Smith Barney Transfer Agent Litig.*,
No. 05 CIV. 7583 (WHP), 2006 WL 1738078 (S.D.N.Y. June 26, 2006) ............................. 24

*In re Vivaro Corp.*,
524 B.R. 536 (Bankr. S.D.N.Y. 2015) .......................................................................... 22

*Int'l Bhd. of Teamsters v. Sun Country, Inc.*,
No. 23-CV-633 (ECT/TNL), 2024 WL 4494237 (D. Minn. Oct. 15, 2024) ............................ 8

*Kelly v. Classic Restaurants Corp*., 01 CV 09345,
2003 WL 22052845 (S.D.N.Y. Sept. 2, 2003)................................................................ 6

*Kirch v. Liberty Media Corp.*,
449 F.3d 388 (2d Cir. 2006)......................................................................................... 20

*Lapine v. Seinfeld*,
918 N.Y.S.2d 313 (Sup. Ct. N.Y. Co. 2011) ................................................................. 15

*Lee v. McCue*,
410 F. Supp. 2d 221 (S.D.N.Y. 2006)........................................................................... 22

*LG Cap. Funding, LLC v. Ubiquity, Inc.*,
No. 16CV3102LDHSMG, 2017 WL 3173016 (E.D.N.Y. May 12, 2017).............................. 18

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)...................................................................................................... 7

*Matana v. Merkin*,
957 F. Supp. 2d 473 (S.D.N.Y. 2013)........................................................................... 17

*Matsumura v. Benihana Nat'l Corp.*,
542 F. Supp. 2d 245 (S.D.N.Y. 2008) ........ 12

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
651 F.3d 268 (2d Cir. 2011) ........ 14

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*,
531 F. Supp. 3d 673 (S.D.N.Y. 2021) ........ 14

*Moore v. PaineWebber, Inc.*,
189 F.3d 165 (2d Cir. 1999) ........ 12

*National Organization for Women-New York City v. United States Department of Defense*,
No. 23-CV-6750 (VEC), 2024 WL 4635480 (S.D.N.Y. Oct. 31, 2024) ........ 9

*Nay ex rel. Thiele v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
No. 05 CIV. 10264 (RMB), 2006 WL 2109467 (S.D.N.Y. July 25, 2006) ........ 22

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016) ........ 24

*Pallickal v. Technology Int'l Ltd.*,
94 Civ. 5738, 1996 WL 153699 (S.D.N.Y. Apr. 3, 1996) ........ 11

*Performing Arts Ctr. of Suffolk Cnty. v. Actor's Equity Ass'n*,
No. CV 20-2531 (JS)(AYS), 2024 WL 1530838 (E.D.N.Y. Feb. 28, 2024) ........ 10

*Powell v. Kopman*,
511 F.Supp. 700 (S.D.N.Y. 1981) ........ 20

*Romain v. Webster Bank N.A.*,
No. 23 Civ. 5956 (NRM) (JMW), 2024 WL 3303057 (E.D.N.Y. July 2, 2024) ........ 9

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) ........ 10, 12

*Ross v. AXA Equitable Life Ins. Co.*,
115 F. Supp. 3d 424 ........ 7

*Sanders v. Apple Inc.*,
672 F.Supp.2d 978 (N.D. Cal. 2009) ........ 7

*Selinger Enterprises, Inc. v. Cassuto*,
50 A.D.3d 766, 860 N.Y.S.2d 533 (2d Dep't 2008) ........ 19

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ... 7

*State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*,
374 F.3d 158 (2d Cir. 2004) ... 17

*Stich v. Oakdale Dental Center*, P.C.,
120 A.D.2d 794, 501 N.Y.S.2d 529 (3d Dep't 1986) ... 21

*Summers v. Earth Island Institute*,
555 U.S. 488 (2009) ... 9

*Todd v. Exxon Corp.*,
275 F.3d 191 (2d Cir. 2001) ... 6

*Trepel v. Abdoulaye*,
185 F. Supp. 2d 308 (S.D.N.Y. 2002) ... 21

*Virgil v. Darlak*,
No. 10-CV-6479, 2013 WL 4015368 (W.D.N.Y. Aug. 6, 2013) ... 21

*Wilamowsky v. Take-Two Interactive Software, Inc.*,
818 F. Supp. 2d 744 (S.D.N.Y. 2011) ... 23

*Wilson v. Neighborhood Restore Dev.*,
No. 18-CV-1172 (MKB), 2019 WL 4393662 (E.D.N.Y. Sept. 13, 2019) ... 20

*Wolkstein v. Morgenstern*,
713 N.Y.S.2d 171 (1st Dep't 2000) ... 21

*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*,
286 F. Supp. 3d 634 (S.D.N.Y. 2017) ... 14

**Statutes**

18 U.S.C. § 1341 ... 12

18 U.S.C. § 1343 ... 12

18 U.S.C. § 1349 ... 12

18 U.S.C. § 1964(c) ... 14, 15

18 U.S.C. §§ 1961(5), 1964(C) ... 5

N.Y. Penal Law § 460.20 ... 20

New York General Business Law § 352-C ........ 6

New York General Business Law § 359-E ........ 6

New York General Business Law §§ 352, 353 ........ 6

New York Debtor Creditor Law § 276 ........ 22

**Rules**

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ........ 1

Fed. R. Civ. P. 9(b) ........ 10, 11, 12, 13

**Other Authorities**

Richard A. Greenberg et al., New York Practice Series – New York Criminal Law § 36:1 (4th ed. 2019) ........ 20

New York's Organized Crime Control Act, 64 St. John's L. Rev. 797 (1990) ........ 20

Defendants Kyle Farman ("Farman") and Sera Orion, LLC ("Sera Orion" and together with Farman, the "Sera Orion Defendants") hereby move to dismiss the Second Amended Class Action Complaint, ECF No. 37 ("SAC"), filed by Plaintiffs Avis Mullins ("Mullins") and United Investor Community Inc. ("United" and together with Mullins, the "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

## PRELIMINARY STATEMENT

Plaintiffs Mullins and United have named ninety-one different defendants in twenty-four different causes of action in the sprawling, seventy hundred and fifty-six paragraph SAC, which seeks recovery of damages based on alleged losses from investments in a company called NovaTech. Plaintiffs' throw-everything-at-the-wall-to-see-what-sticks approach to pleading fails; liability does not attach to anyone on the internet that ever spoke about NovaTech.

To begin with, neither of the Plaintiffs have Article III standing to pursue claims against the Sera Orion Defendants. The SAC does not allege that Mullins ever interacted with the Sera Orion Defendants, reviewed social media posts by the Sera Orion Defendants about NovaTech, or was recruited to invest in NovaTech by the Sera Orion Defendants. As for United, it fails to satisfy a single element of associational standing sufficient to bring a claim on behalf of United's alleged "members." In addition to being subject to dismissal for lack of standing, as explained below, none of the twenty-four causes of action are adequately pleaded. The SAC should be dismissed with prejudice as to the Sera Orion Defendants.

---

[1] The Sera Orion Defendants hereby join and adopt in full the arguments of the other defendants in support of their motions to dismiss the SAC, including but not limited to the motion to dismiss filed on October 28, 2024 (ECF No. 235), to the extent those arguments are applicable to the Sera Orion Defendants and are not inconsistent with the arguments set forth herein.

## FACTUAL BACKGROUND

This putative class action, brought on behalf of all persons "who transmitted or forwarded cryptocurrency, money or property to NovaTech between January 2019 and December 2023," *see* SAC ¶ 473, arises from an alleged securities fraud involving cryptocurrency perpetrated by, among others, defendants Cynthia Petion and Eddy Petion (collectively, the "Petions"). SAC, Preliminary Statement (the Petions "defrauded thousands of investors worldwide out of over 50 billion dollars by promoting two consecutive fraudulent investment schemes . . . AWS Mining PTY LTD . . . and NovaTechFX . . ."). The SAC alleges that after AWS Mining, an "illegal pyramid scheme" perpetrated by the Petions, "collapsed" in April 2019, the Petions allegedly "conceived of a new fraudulent scheme" through NovaTech. *Id*. at ¶¶ 7-9, 146. Plaintiffs allege that NovaTech "promised to generate profits [for investors] primarily from trading cryptocurrency and currency pairs on the foreign exchange (Forex) using NovaTech's own trading platform." *Id*. at ¶ 9. NovaTech allegedly sold "securities" to thousands of investors, *see id*. at ¶ 32 ("Defendants fraudulently offered or sold securities in AWS Mining and NovaTech"); *id*. at ¶ 327 ("NovaTech 'trading' packages were securities"); *id*. at ¶ 331 ("Defendants NovaTech and the Petions were dealers under New York law and issued, promoted and sold securities for their own account") based on the allegedly fraudulent misrepresentations "that NovaTech was licensed to trade cryptocurrency in the United States and in Forex abroad, that it maintained consistent profits from trading of 2-4% per week (i.e., over 140% per year), and that investors could withdraw their capital and profits at any time." *Id*. at ¶ 16. In reality, Plaintiffs allege that NovaTech was a pyramid scheme that relied on "Recruiters" to solicit new investors in exchange for a percentage of the invested capital, *id*. at ¶ 147, and that only a "tiny fraction" of the investor funds were ever traded. *Id*. at ¶ 219. "In Ponzi scheme fashion," Plainiffs allege that "the 'profits' and recruitment bonuses NovaTech [allegedly] paid to investors did not come

from trading profits but from deposits of other investors." *Id*. at ¶ 221. In "the fall of 2022," NovaTech attracted regulatory scrutiny, and by May 2023, NovaTech was "shut . . . down" and redemptions from NovaTech accounts were halted. *Id*. at ¶¶ 26-27.

The SAC contains lengthy allegations of how the Petions, in concert with Defendants Ricardo Roy Sr., Martin Zizi, James Corbett, and Frantz Ciceron, enriched themselves by making material misrepresentations to NovaTech investors regarding, *inter alia*, NovaTech's operations, how NovaTech was going to invest their money, and NovaTech's trading performance. *See* SAC ¶¶ 11-29, 146-196, 222-256. The SAC also contains allegations regarding communications that evidence that the Petions, Roy, Zizi, Corbett, and Ciceron acted with scienter. *Id*. at ¶¶ 273-285.

In contrast to the Plaintiffs' allegations against the Petions, Roy, Zizi, Corbett, and Ciceron, of the seven hundred and fifty-six paragraph SAC, Plaintiffs devote three paragraphs to make the following allegations against the Sera Orion Defendants:

- "Defendant, Kyle FARMA[N], is a United States citizen residing in California. He is a manager of Sera Orion, LLC in California. At all relevant times, he served as a promoter, recruiter, and senior director of NovaTech. Defendant knew Novatech was a Ponzi Scheme and intentionally recruited others by lying to them about how much money they will make by investing when the Defendant knew that there will never be any profit." SAC ¶ 58.

- "Defendant, Sera Orion, LLC, is limited liability company duly registered in the State of Florida, control and operated by Defendant, Kyle Farman. At all times hereinafter mentioned, this Defendant participated in the Ponzi Scheme by recruiting thousands of people to invest in the criminal enterprise." SAC ¶ 96.

- "Defendant Kyle Farma[n], at all relevant times, served as an ambassador and promoter of NovaTech. Between 2021 and 2023, he used his social media platform to promote NovaTech knowing it was a scam. Defendant is a serial promoter of Ponzi schemes having participated in similar schemes before. He promoted NovaTech knowing it was a criminal enterprise because NovaTech paid him a percentage of the money invested by the people he recruited." SAC ¶ 444.

## PROCEDURAL HISTORY

On February 7, 2024, Mullins filed the First Amended Class Action Complaint for Fraud, Racketeering, Civil Conspiracy, Breach of Contract, Violations of the Securities Law ("FAC") in this action against NovaTech, the Petions, Roy, Zizi, Travis Bieberitz, NovaTech Ltd. NovaTech Advisors, LLC, Nova Pay, LLC, NovaTrading OU, Smart Bit Inc., Deborah Brasil, Ciceron, Ciceron Frantz & Associtès, Inc., Paul DeRebxo, John Garofano, Bob St. Louis and Corbett alleging claims under RICO, for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conversion, fraud, intentional misrepresentation, civil conspiracy, violations of the New York Organized Crime Control Act, intentional infliction of emotion distress, negligent infliction of emotional distress, exemplary punitive damages, fraudulent conveyance, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Section 20(a) of the Exchange Act, injunctive relief, and an accounting. ECF No. 2.

On August 9, 2024, Mullins and United filed the SAC against NovaTech, the Petions, Crowned One Ministries, Stevan Cunningham, George Fraser, AWS Mining Pty Ltd., Roy, NovaTech LTD, NovaTech Advisors, LLC, Nova Pay, LLC, NovaTrading OU, Smart Bit Inc., Deborah Brasil, Ciceron, Ciceron Frantz & Associates, Inc., King Multi Service Agency, Inc., Positive Vision Marketing, LLC, the Catholic Diocese of Florida, Roni Jose Pinheiro Dos Santos Junior, Dapinulu Dunbar, Zizi, Sean Hubbard, Scott Brewster, Paul Derenzo, John Garofano, Bob St. Louis, Allen Mullins, Joel Whitney, Dwayne Eddings, Stan Richards, Andrelle Calixte, Antonio Arnold, Anthony DeLoath, Corbett, Albert Jules, Bertha Ciceron, Desmond Bwala, Gwena Clark, Robert Bearden, Corrie Sampson, Newman Batanayi Madzikwa, Jems Moise, Heinz Dubini, Michele McNeeley, Rosie Hammond, Owens Brown, Ranuflo Neto, Samantha Zizi, Bruno Mazali, Peral Saint Jean, Heather Berlanger, Atukuzwe Maria Nyirenda, Mary Graig-Brown, James Simeon, Steve Bliznicenko, Larry Golden, Steven Greene, Shirley Xavier,

Vincent Thomas, Shena McHenry, Heinz Dubinin, David Schomberg, John Ninan, Arleigh Matthew, Marie Josee Jean-Bart, Micheline Thomas, Thomas Odaris, Aggee Vetiague, Dennis Cunningham, Yvonne Murren, Edens Joseph, Jean St. Louis, Marsha Hadley, Goldentastic Consulting LLC, Integrity Accounting Services, Inc., Society of St. Agnes, Inc., Trinity of Success club, Inc., Sophia Saint Louis, Laurengine Dartios, Jude Dartois, Olivier Chimpiringa Luhaze, Music Pays Inc., Troy Rejda, Devey Dejong, Jean Exantus, MT Solutions, BGTi, Ltd, and the Sera Orion Defendants (collectively, the "Defendants").

The SAC alleges twenty-four causes of action: participating in a RICO enterprise through a pattern of racketeering activity under 18 U.S.C. §§ 1961(5), 1964(C) (Count 1), SAC ¶¶ 483-507; acquisition and maintenance of an interest in and control of an enterprise engaged in a pattern of racketeering activity under 18 U.S.C. §§ 1961(5), 1964(B) (Count 2), *id*. at ¶¶ 508-526; use of income derived from a pattern of racketeering activity in the operation of an enterprise engaged in activities which affect interstate or foreign commerce under 18 U.S.C. §§ 1961(5), 1964(A) (Count 3), *id*. at ¶¶ 527-544; conspiracy to engage in a pattern of racketeering activity under 18 U.S.C. §§ 1961(5), 1964(D) (Count 4), *id*. at ¶¶ 545-564; breach of contract (Count 5), *id*. at ¶¶ 565-572; breach of implied covenant of good faith and fair dealing (Count 6), *id*. at ¶¶ 573-584; unjust enrichment (Count 7), *id*. at ¶¶ 585-593; conversion (Count 8), *id*. at ¶¶ 594-599; common law fraud (Count 9) , *id*. at ¶¶ 600-609; intentional misrepresentation (Count 10), *id*. at ¶¶ 610-619; civil conspiracy (Count 11), *id*. at ¶¶ 620-625; use of income derived from a pattern of racketeering activity in the operation of an enterprise under New York Organized Crime Control Act Article 460 (Count 12), *id*. at ¶¶ 626-646; conduct or participation in an enterprise through a pattern of racketeering activity under the New Tork Crime Controlled (RICO) Act, Article 460 (Count 13), *id*. at ¶¶ 647-671; acquisition and maintenance of an

interest in or control over any enterprise under New York Crime Controlled Act of 1986 – Article 460 Section 20.00 (Count 14), *id*. at ¶¶ 672-702; conspiracy to violate the provisions of Article 460 *et seq*., of New York Crime Control Act (Count 15), *id*. at ¶¶ 703-708; intentional infliction of emotional distress (Count 16), *id*. at ¶¶ 709-716; negligent infliction of emotional distress (Count 17), *id*. at ¶¶ 717-724; exemplary punitive damages (Count 18), *id*. at ¶¶ 725-730; fraudulent conveyance (Count 19), *id*. at ¶¶ 731-733; violation of New York General Business Law §§ 352, 353 (Count 20), *id*. at ¶¶ 734-736; commodities fraud under New York General Business Law § 352-C (Count 21), *id*. at ¶¶ 737-742; failure to register under New York General Business Law § 359-E (Count 22), *id*. at ¶¶ 743-745; injunctive relief (Count 23), *id*. at ¶¶ 746-751; accounting (Count 24), *id*. at ¶¶ 752-755.

**LEGAL STANDARD**

On a motion to dismiss, "the court must accept the well-pleaded factual allegations in the complaint as true . . . to determine whether the complaint itself is legally sufficient." *In re Livent, Inc. Noteholders Sec. Litig*., 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Grandon v. Merrill Lynch & Co*., 147 F.3d 184, 188 (2d Cir. 1998)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss." *Kelly v. Classic Restaurants Corp*., No.01 CV 09345, 2003 WL 22052845 at * 2 (S.D.N.Y. Sept. 2, 2003) (internal citations omitted). "It is improper to assume that the plaintiff can prove facts that it has not alleged . . ." *Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (internal quotation marks omitted).

## ARGUMENT

### I. Plaintiffs' Claims Should be Dismissed for Lack of Standing

For the reasons set forth below, none of the twenty-four causes of action in the SAC has been sufficiently alleged against the Sera Orion Defendants. But the Court need not even reach these arguments because neither of the two Plaintiffs has standing to pursue a claim against the Sera Orion Defendants.

To have standing under Article III, a plaintiff must show that he/she/it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Mullins does not have standing to pursue claims against the Sera Orion Defendants. The SAC does not allege that Mullins (as opposed to other individuals) spoke or interacted with the Sera Orion Defendants, reviewed the alleged promotions of NovaTech on Mr. Farman's social media, *see* SAC ¶ 444, or was allegedly recruited to invest in NovaTech by the Sera Orion Defendants. *See id*. at ¶¶ 58, 444. Mullins' alleged injuries, therefore, cannot be "fairly traceable" to any conduct by the Sera Orion Defendants. *See Ross v. AXA Equitable Life Ins. Co*., 115 F. Supp. 3d 424, 436 n. 2 (S.D.N.Y. 2015), aff'd, 680 F. App'x 41 (2d Cir. 2017) ("Even if Plaintiffs' general allegations regarding the effect of AXA's nondisclosures on the price of its products were somehow sufficient to establish an injury-in-fact as to either Plaintiff, they would lack Article III standing in any event . . because Plaintiffs at no point allege, plausibly or otherwise, that any financial harm they have individually suffered from AXA's pricing was fairly traceable to AXA's omissions or misrepresentations in its financial statements."); *Sanders v. Apple Inc*., 672 F.Supp.2d 978, 984 (N.D. Cal. 2009) (dismissing one

plaintiff's claims based on allegedly misleading advertising because the plaintiff "fail[ed] to allege specifically that [it] heard, saw, relied upon, or otherwise [was] exposed to the allegedly misleading advertising"); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... traceable to the challenged action of the defendant") (internal quotation marks omitted). Other NovaTech investors may have standing to pursue a claim against the Sera Orion Defendants, but Mullins does not. Accordingly, claims asserted by Mullins against the Sera Orion Defendants should be dismissed for lack of standing.

United's claims should also be dismissed on standing grounds. United, an alleged "not-for-profit membership organization duly incorporated in the State of Florida," claims to "represent[] the interest of its members who collectively invested hundreds of millions of dollars with NovaTech and AWS Mining." SAC ¶ 37. United must rely on associational standing because the SAC does not allege that United itself invested in NovaTech. *See id*. The Supreme Court has held that "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). United's claims fail all three prongs of the *Hunt* test. First, not all of United's alleged "members" would have claims against the Sera Orion Defendants; only those alleged "members" that allegedly interacted with or were allegedly recruited by the Sera Orion Defendants would have any conceivable basis to file claims against the Sera Orion Defendants related to NovaTech. Second, the SAC does not allege United's purpose such that the Court can find that United has associational standing to file

claims related to NovaTech against the Sera Orion Defendants on behalf of its alleged "members." Third, the claims asserted in the SAC, even if they were actionable (which they are not), would undoubtedly require the "participation" of United's alleged members. United's alleged members would, e.g., need to prove the amount of money they allegedly invested in NovaTech and would also need to, e.g., show that they relied on statements made by the Sera Orion Defendants in connection with investing in NovaTech. *See Int'l Bhd. of Teamsters v. Sun Country, Inc.*, No. 23-CV-633 (ECT/TNL), 2024 WL 4494237, at *4 (D. Minn. Oct. 15, 2024) ("Here, as a practical matter, Mr. Oliver and Ms. Crisp's participation is required. The extent of the injuries each sustained, the propriety of their terminations, and their pay and expected pay, for example, are all issues that would arise in discovery. It would be imprudent for the case to proceed without them."). United's claims should therefore be dismissed to lack of associational standing.

In addition, United's claims should be dismissed because United fails to "make specific allegations establishing that at least one identified member has standing." *National Organization for Women-New York City v. United States Department of Defense*, No. 23-CV-6750 (VEC), 2024 WL 4635480, at *7 (S.D.N.Y. Oct. 31, 2024); *see also Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009) ("[O]ur prior cases ... have required plaintiff-organizations to make specific allegations establishing that at least one identified member had suffered or would suffer harm."). The SAC contains no allegations that a United member was allegedly recruited by the Sera Orion Defendants to invest in NovaTech or reviewed promotional content by the Sera Orion Defendants in relation to NovaTech.

## II. In Addition to Being Subject to Dismissal for Lack of Standing, Plaintiffs Have not Sufficiently Alleged any of the Twenty-Four Causes of Action Against the Sera Orion Defendants

### A. Plaintiffs Fail to Adequately Allege Common Law Fraud (Count 9) and Intentional Misrepresentation (Count 10) With the Requisite Particularity Against the Sera Orion Defendants

"Under New York law, the elements of a common-law fraud claim are (1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity; (3) intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Romain v. Webster Bank N.A.*, No. 23 Civ. 5956 (NRM) (JMW), 2024 WL 3303057, at *4 (E.D.N.Y. July 2, 2024). "[A] claim for intentional misrepresentation, ... under New York law, is identical to a claim for fraud." *Assoun v. Assoun*, 2015 WL 110106, at *5 (S.D.N.Y. Jan. 7, 2015).

Fraud claims must meet the heightened pleading standard in Federal Rule of Civil Procedure 9(b), which requires a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent[;] (2) identify the speaker[;] (3) state where and when the statements were made[;] and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).

Plaintiffs fail to plead fraud or intentional misrepresentation claims against the Sera Orion Defendants with the requisite particularity. Plaintiffs allege in conclusory fashion that the Sera Orion Defendants "knew Novatech was a Ponzi Scheme," and "participated in the Ponzi Scheme" by promoting Novatech to potential investors on Farman's "social media platform" "because NovaTech paid him a percentage of the money invested by the people he recruited." SAC ¶¶ 58, 96, 444. Critically, the SAC does not (1) identify the alleged specific statements that the Sera Orion Defendants made, (2) identify when such statements were made, and (3) allege

facts, not conclusions, that would allow one to infer that Farman knew the statements he was making were false. *See Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987) ("Although Rule 9(b) permits knowledge to be averred generally, plaintiffs must still plead the events which they claim give rise to an inference of knowledge"). Nor does the SAC allege that either of the Plaintiffs relied on any statement that the Sera Orion Defendants allegedly made about NovaTech. The SAC's allegations thus fall woefully short of satisfying the stringent requirements of Fed. R. Civ. P. 9(b). *See Performing Arts Ctr. of Suffolk Cnty. v. Actor's Equity Ass'n*, No. CV 20-2531 (JS)(AYS), 2024 WL 1530838, at *7 (E.D.N.Y. Feb. 28, 2024) ("While Plaintiffs have specified a time, speaker, and a misrepresentation, they have not identified one made by the Funds Defendants . . . Although, Plaintiffs allege that the Funds were aware of, or should have been aware of the misrepresentations made by Equity, through the overlapping directors and officers with Equity, the Amended Complaint is devoid of any misrepresentations made by the actual Funds Defendants.").

Plaintiffs cannot rely on the general allegation that the "Defendants" collectively engaged in actionable fraud to sustain their burden under Fed. R. Civ. P. 9(b). It is well-settled that "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of [its] alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus*., Inc., 822 F.2d 1242, 1247 (2d Cir.1987). The requirements of Rule 9(b) are thus "not satisfied by a complaint in which defendants are clumped together in vague allegations." *Ellison v. American Image Motor Co*., 36 F.Supp.2d 628, 640 (S.D.N.Y.1999) (internal quotations omitted); *see also Pallickal v. Technology Int'l Ltd*., 94 Civ. 5738, 1996 WL 153699, at *1 (S.D.N.Y. Apr. 3, 1996) ("Where there are multiple defendants, a complaint must identify which defendant is responsible for which act."). Here, allegations that the "Defendants

committed fraud when they," e.g., "intentionally and falsely represented to the members of the Class that . . . their money would be, and/or had been invested in cryptocurrency [and] . . . they would earn, and in fact did earn, 3% weekly return on their investment," are plainly insufficient.

Accordingly, Counts 9 and 10 should be dismissed as to the Sera Orion Defendants.

B. Counts 1-4, 7-8, and 19 Alleging Causes of Action for Violations of RICO, Unjust Enrichment, Conversion, and Fraudulent Conveyance Should be Dismissed Because They are not Alleged With the Requisite Particularity

Rule 9(b) applies broadly to claims "premised on allegations of fraud," *In re Morgan Stanley Info. Fund. Sec.*, 592 F.3d 347, 358 (2d Cir. 2010), and "is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004); *see also Matsumura v. Benihana Nat'l Corp.*, 542 F. Supp. 2d 245, 251 (S.D.N.Y. 2008) (noting that Rule 9(b) applies to "any cause of action that bears a close legal relationship to fraud" and "any non-fraud claim that the plaintiffs have made little, if any, effort to differentiate from the fraud allegations upon which the action is predicated") (internal quotation marks omitted").

Plaintiffs' RICO claims, which rely on the mail fraud and wire fraud statutes, plainly sound in fraud, *see e.g.*, SAC ¶ 487 ("The purpose of NovaTech Enterprise Ponzi Scheme was to defraud the members of Class of billions of dollars in investments under false pretence [sic]"); *id*. at ¶ 496 (alleging that the defendants committed "mail fraud (18 U.S.C. § 1341)" and "wire fraud (18 U.S.C. § 1343)"); *id*. at ¶ 519 ("all Defendants cooperated jointly and severally in the commission of two or more of the RICO predicate acts . . . Such predicate acts included, inter alia, mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343)"); *id*. at ¶ 535 ("all Defendants agreed to and did use income or proceeds received from a pattern of racketeering activity to form, control, establish, and operate the NovaTech Enterprise Ponzi scheme, which was formed for the purpose of defrauding Plaintiffs"); *id*. at ¶ 549 ("Defendants . . . agreed to

engage in to engage in: (i) a scheme to defraud . . . as proscribed by 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349"), and are therefore subject to the heightened pleading requirements of Rule 9(b). *See Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172 (2d Cir. 1999) (Rule "9(b) states that in averments of fraud, 'the circumstances constituting fraud ... shall be stated with particularity.' This provision applies to RICO claims for which fraud is the predicate illegal act.").

Plaintiffs' claims for unjust enrichment (Count 7), conversion (Count 8), and fraudulent conveyance (Count 19), are each grounded in fraud. *See* SAC ¶¶ 585-587 (alleging a cause of action for unjust enrichment by incorporating the prior allegations in the SAC and alleging that defendants made knowingly false statements to NovaTech investors); *id*. at ¶ 597 (alleging a cause of action for conversion because "Defendants knowingly obtained or used, or endeavored to obtain or to use, the Plaintiffs' property . . . with intent to permanently appropriate the property for the Defendants' own use and benefit through fraud and deceit."); *id*. at ¶ 733 (alleging a cause of action for fraudulent conveyance because the "transfers were made with actual intent to hinder, delay, or defraud the members of the Class and without receiving a reasonable equivalent value in exchange for the transfer or obligation"). Therefore, as with Plaintiffs' RICO claims, these causes of action are required to be alleged with particularity. *See Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 483 (S.D.N.Y. 2014) ("A complaint must satisfy the particularity requirement of Rule 9(b) only where the alleged unjust enrichment is premised on fraudulent acts."); *Daly v. Castro Llanes*, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998) ("Plaintiff's claim of conversion, which is an unauthorized taking of property, rests on an allegation of fraudulent taking, and is therefore subject to the pleading requirements of Rule 9(b)."); *Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*,

216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002) (dismissing fraudulent conveyance claim due to insufficient "particulars" such as "the property that was allegedly conveyed, the timing and frequency of [the conveyances] or the consideration paid."). For the reasons set forth above, the SAC does not sufficiently allege fraud with the requisite particularity as to the Sera Orion Defendants.

C. Plaintiffs' RICO Claims Should be Dismissed for the Additional Reason as Being Barred by the Private Securities Litigation Reform Act

The Private Securities Litigation Reform Act of 1995 ("PSLRA") amended RICO to provide that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962." 18 U.S.C. § 1964(c). The RICO amendment aimed not only "'to eliminate securities fraud as a predicate offense in a civil RICO action,' but also to prevent a plaintiff pleading other specified offenses, 'such as mail or wire fraud, as predicate acts under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud.'" *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp*., 531 F. Supp. 3d 673, 716 (S.D.N.Y. 2021) (quoting H.R. Conf. Rep. No. 104-369, at 47 (1995)).

The PSLRA bars Plaintiffs' civil RICO claims alleged in Counts 1-4 because these claims are "based on allegations of securities fraud." *See MLSMK Inv. Co. v. JP Morgan Chase & Co*., 651 F.3d 268, 274 (2d Cir. 2011). To start, the FAC specifically alleged that the defendants named in the FAC violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, FAC ¶¶ 291-299, and violated Section 20(a) of the Exchange Act, *id*. at ¶¶ 301-307 in connection with Mullins's investment in NovaTech. Although the SAC omits claims under the Exchange Act, artful pleading cannot save the Plaintiffs' RICO claims because they are still grounded in a claim for securities fraud. *See Zohar CDO 2003-1, Ltd. v. Patriarch Partners,*

*LLC*, 286 F. Supp. 3d 634, 644 (S.D.N.Y. 2017) ("if the alleged conduct could form the basis of a securities fraud claim against any party—be it against, or on behalf of, the plaintiff, defendants or a non-party—it may not be fashioned as a civil RICO claim"); *Gertz v. Ponsoldt*, 297 F. Supp. 2d 719, 730 (D. Del. 2003) ( "[A] plaintiff cannot circumvent the PSLRA's exclusion of securities fraud as a RICO predicate act through artful pleading."). Indeed, Plaintiffs continue to rely on allegations that the Defendants allegedly defrauded Plaintiffs in connection with the purchase of "securities." *See, e.g.*, SAC ¶ 32 ("Defendants fraudulently offered or sold securities in AWS Mining and NovaTech while unregistered in violation of GBL § 359-e."); *id*. at ¶ 320 ("Defendants AWS Mining and NovaTech were illegal chain distributor schemes under GBL § 359-fff (2) and constituted securities under GBL § 359-fff (3)."); *id*. at ¶ 327 ("NovaTech 'trading' packages were securities under the Martin Act."); *id*. at ¶ 331 ("Defendants NovaTech and the Petions were dealers under New York law and issued, promoted and sold securities for their own account within the meaning of GBL § 359-e(1)(a)."); *id*. at ¶ 349 ("The Packages offered by NovaTech, Cynthia Petion, and Eddy Petion *were securities* that were neither qualified nor exempt from the qualification requirement under the United States Securities Act, California Securities Act, Wisconsin Securities Act, New York Securities Act, and Washington State Securities Act.") (emphasis added). Because the SAC is premised on allegations of securities fraud, Plaintiffs' RICO claims are barred under 18 U.S.C. § 1964(c).

### D. Count Five Alleging a Cause of Action for Breach of Contract Should be Dismissed for the Additional Reason That it is not Sufficiently Alleged

Plaintiffs fail to adequately allege a claim for breach of an implied-in-fact contract. "In order to plead a claim for breach of contract, the proponent of the contract must accordingly allege in nonconclusory language ..., the essential terms of the parties' ... contract, including those specific provisions of the contract upon which liability is predicated, whether the alleged

agreement was, in fact, written or oral, and the rate of compensation." *Lapine v. Seinfeld*, 918 N.Y.S.2d 313, 318 (Sup. Ct. N.Y. Co. 2011) quoting *Caniglia v. Chicago Trib.-New York News Syndicate, Inc*., 204 A.D.2d 233, 234 (1st Dep't 1994) (internal quotation marks omitted). Plaintiffs rely on the generalized allegation that the "Defendants solicited and entered into an implied contract by which the members of the Class agreed to entrust, pay, transmit, turn over and/or wire not less than $ 50 billion dollars in investment property and funds to the Defendants, and the Defendants agreed to invest that property and funds in cryptocurrency through an automated investment trading platform which the Defendants guaranteed to earn at least 3% each week." SAC ¶ 566. The SAC, however, is devoid of any allegation that the Sera Orion Defendants, as opposed to other defendants, entered into any contract with the Plaintiffs. In the same vein, there are no allegations that the Sera Orion Defendants received money from Plaintiffs, recruited Plaintiffs to invest in NovaTech, or interacted with Plaintiffs at all. As discussed above, there are three paragraphs devoted to alleging claims against the Sera Orion Defendants, *see* SAC ¶¶ 58, 96, 444, none of which, on their own or collectively, are sufficient to allege a breach of contract claim.

Indeed, the specific allegations against the Sera Orion Defendants confirm that no contractual relationship existed between the Sera Orion Defendants and the Plaintiffs. Plaintiffs allege that the Sera Orion Defendants "recruited" unidentified people to invest in NovaTech, *id*. at ¶ 58, knew that NovaTech was a Ponzi scheme, and "promoted NovaTech" because "NovaTech paid him a percentage of the money invested by the people he recruited." *Id*. at ¶¶ 58, 96, 444. Alleged acts of "recruiting" and "promoting" are not sufficient to form a contract. That the SAC also contains generalized allegations that the "Defendants solicited and entered into an implied contract" with "members" of the putative class does not permit the Court to

ignore the more specific allegations confirming the absence of a contractual relationship with the Sera Orion Defendants. *See Hirsch v. Arthur Andersen*, 72 F.3d 1085, 1092 (2d Cir.1995) ("General, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint."). To the extent the SAC pleads an implied-in-fact contract, it exists solely between Plaintiffs and NovaTech. *See, e.g.*, SAC ¶ 9 ("NovaTech promised to generate profits . . ."); *id*. at ¶ 155 ("Defendants Petion lured investors by promising profits"); *id*. at ¶ 171 ("NovaTech exercised total discretion over investor cryptocurrency and promised investors consistent passive income"). Accordingly, Plaintiffs fail to state a breach of contract claim against the Sera Orion Defendants.

E. Plaintiffs' Claim for a Breach of the Implied Covenant of Good Faith and Fair Dealing (Count 6) Should be Dismissed for the Additional Reason That it is not Sufficiently Alleged

The covenant of good faith and fair dealing is implied in all contracts and constitutes "a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 169 (2d Cir. 2004) (internal quotation marks and citation omitted). Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed for two reasons. First, "for such a duty to be implied, the parties must be in a contractual relationship." *Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013). Because Plaintiffs have failed to allege the existence of a contractual relationship with the Sera Orion Defendants, there is no implied covenant of good faith and fair dealing. Second, Plaintiffs' claim for breach of the implied covenant and fair dealing is duplicative of their breach of contract claim. "[A]n implied-covenant [contractual] claim can survive a motion to dismiss only if it is based on allegations different than those underlying the accompanying

breach of contract claim and the relief sought is not intrinsically tied to the damages allegedly resulting from the breach of contract." *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 93 (S.D.N.Y. 2018). "[I]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* (citation omitted); *see also Boismenu v. Ironworks BVI, Ltd.*, No. 23-CV-0170-OEM-JRC, 2024 WL 4648132, at *6 (E.D.N.Y. Aug. 23, 2024), report and recommendation adopted (Sept. 17, 2024), judgment entered, No. 23-CV-0170-OEM-JRC, 2024 WL 4648133 (E.D.N.Y. Sept. 19, 2024) ("since the damages sought on the implied covenant claim are identical to the damages sought for the alleged breach of contract, this Court recommends dismissal of the implied covenant claim as duplicative"). Here, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing relies entirely on their breach of contract claim and seeks the same damages as the breach of contract claim. Compare SAC ¶¶ 565-572 with ¶¶ 573-584. Accordingly, Count 6, alleging a breach of the implied covenant of good faith and fair dealing, should be dismissed.

### F. Plaintiffs' Claim for Unjust Enrichment (Count 7) Should be Dismissed for the Additional Reason That it is Inadequately Alleged

"[T]o succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that '(1) defendant was enriched[;] (2) at plaintiff's expense[;] and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover[.]" *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011) (quoting *Brairpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). Here, the SAC does not allege that the Sera Orion Defendants received anything of value from Plaintiffs or were otherwise enriched at the Plaintiffs' expense.

Moreover, when a claim for "unjust enrichment seeks the same relief as is sought for breach of contract, the unjust enrichment claim is properly dismissed as duplicative." *LG Cap. Funding, LLC v. Ubiquity, Inc.*, No. 16CV3102LDHSMG, 2017 WL 3173016, at *3 (E.D.N.Y. May 12, 2017). Here, Plaintiffs' unjust enrichment claim relies entirely on their breach of contract claim and seeks the same damages as the breach of contract claim. Compare SAC ¶¶ 565-572 with ¶¶ 585-593.

Accordingly, Count 7, alleging a cause of action for unjust enrichment, should be dismissed.

G. Plaintiffs' Conversion Claim (Count 8) Should be Dismissed for the Additional Reason That it is Inadequately Alleged

To establish a claim for conversion, a plaintiff must show that: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 204 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

The SAC does not allege a "specific identifiable thing" taken from the Plaintiffs, but rather claims they have a right to be paid by, *inter alia*, the Sera Orion Defendants based on alleged fraudulent misrepresentations made to Plaintiffs regarding NovaTech. But "[t]he mere right to payment cannot be the basis for a cause of action alleging conversion; the essence of such a cause of action is the 'unauthorized dominion over the thing in question." *Grgurev v. Licul*, 229 F. Supp. 3d 267, 287 (S.D.N.Y. 2017) quoting *Selinger Enterprises, Inc. v. Cassuto*, 50 A.D.3d 766, 768, 860 N.Y.S.2d 533, 536 (2d Dep't 2008).

Moreover, a "conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations." *Command Cinema Corp. v. VCA Labs. Inc.*, 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006); *see Alliance Grp. Servs., Inc. v. Grassi & Co*., 406 F. Supp. 2d 157, 170 (D. Conn. 2005) ("Where plaintiffs have merely repeated ... their breach of contract claims and called them conversions, the conversion claims must fail."). In this case, because the same facts form the basis for Plaintiffs' contract and conversion claims, compare SAC ¶¶ 565-572 with 594-599, the conversion claim alleged in Count 8 should be dismissed.

H. Count 11 Alleging a Cause of Action for Civil Conspiracy Should be Dismissed for the Independent Reason That New York Does not Recognize a Cause of Action for Civil Conspiracy

Count 11 alleging a cause of action for civil conspiracy must be dismissed because "New York does not recognize an independent tort of conspiracy." *Kirch v. Liberty Media Corp*., 449 F.3d 388, 401 (2d Cir. 2006); *see also Powell v. Kopman*, 511 F.Supp. 700, 704 (S.D.N.Y. 1981) ("in New York there is no substantive tort of civil conspiracy").

I. Counts 12 Through 15 Alleging Violations of New York's Organized Crime Control Act Should be Dismissed for the Additional Reason That There is no Private Right of Action

In Counts 12 through 15, the SAC alleges that Defendants violated New York Penal Code Article 460, which makes enterprise corruption a felony under New York criminal law. *See* N.Y. Penal Law § 460.20. "As private individuals," however, "Plaintiffs cannot bring a claim under state criminal law." *Wilson v. Neighborhood Restore Dev*., No. 18-CV-1172 (MKB), 2019 WL 4393662, at *7 (E.D.N.Y. Sept. 13, 2019); *see also* Richard A. Greenberg et al., New York Practice Series – New York Criminal Law § 36:1 n.11 (4th ed. 2019) (noting that, unlike RICO, Article 460 "does not create a private civil action in which those allegedly injured by enterprise corruption can seek treble damages"); Steven L. Kessler, New York's Organized Crime Control

Act, 64 St. John's L. Rev. 797, 800 (1990) ("Baby RICO [Article 460] was designed as a prosecutorial tool ... [and] does not provide for a private or individual cause of action. Only the district attorney or affected state prosecutor may bring such an action.... Civil remedies under Baby RICO, however, are not available without a criminal conviction." (footnotes omitted)). Counts 12 through 15 should therefore be dismissed.

J. Plaintiffs Fail to State Cognizable Claims for Emotional Distress Against the Sera Orion Defendants in Counts 16-17

To begin with, Plaintiffs allege that NovaTech was "shut . . . down" in May 2023. The SAC naming the Sera Orion Defendants was filed in August 2024. Therefore, Count 16 alleging a claim for intentional infliction of emotional distress should be dismissed on statute of limitations grounds. *See Biehner v. City of New York*, No. 19-CV-9646 (JGK), 2021 WL 878476, at *9 (S.D.N.Y. Mar. 9, 2021) ("limitations period for IIED, as an intentional tort, is one year").

Plaintiffs' emotional distress claims are otherwise deficiently pled. "Under New York law, emotional distress is 'not redressable under a business fraud theory of liability.'" *Trepel v. Abdoulaye*, 185 F. Supp. 2d 308, 311 (S.D.N.Y. 2002) quoting *Citicorp Int'l Trading v. Western Oil & Refining Co*., 790 F.Supp. 428, 436 (S.D.N.Y. 1992) (dismissing claim for emotional distress damages stemming from fraudulent misrepresentation in business transaction); *Stich v. Oakdale Dental Center*, P.C., 120 A.D.2d 794, 795, 501 N.Y.S.2d 529, 531 (3d Dep't 1986) (pecuniary injury damages are the sole compensable from of damages in a fraud action). Here, Plaintiffs seek redress for losses incurred in connection with an alleged pyramid scheme. Plaintiffs are therefore not entitled to seek damages based on emotional distress.

In addition, negligent infliction of emotional distress claim cannot be asserted if it is "essentially duplicative of tort or contract causes of action." *Djangmah v. Falcione*, No. 08-CV-

4027, 2013 WL 208914, *9 (S.D.N.Y. Jan. 18, 2013) (quoting *Wolkstein v. Morgenstern*, 713 N.Y.S.2d 171, 172 (1st Dep't 2000). "The rationale for this rule is grounded in the underlying purpose of the common law tort of negligent infliction of emotional distress which 'has its roots in the acknowledgment by the courts of the need to provide relief in those circumstances where traditional theories of recovery do not.'" *Virgil v. Darlak*, No. 10-CV-6479, 2013 WL 4015368, at *10 (W.D.N.Y. Aug. 6, 2013) (emphasis omitted) (quoting Lee v. McCue, 410 F. Supp. 2d 221, 226-27 (S.D.N.Y. 2006). In this case, the allegations supporting negligent infliction of emotional distress track the allegations supporting Plaintiff's other tort claims. Accordingly, the negligent infliction of emotional distress claim should be dismissed. *See Goldrich v. Masco Corp.*, No. 22-CV-3769 (KMK), 2023 WL 2649049, at *10 (S.D.N.Y. Mar. 27, 2023) (dismissing negligent infliction of emotional distress claim because "the only two allegations supporting negligent infliction of emotional distress clearly track the allegations supporting Plaintiff's strict products liability and fraudulent concealment claims").

K. Plaintiffs' Claim for Exemplary Punitive Damages (Count 18) is not Cognizable Under New York Law

Under New York law, "there exists no separate cause of action for punitive damages." *Nay ex rel. Thiele v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 05 CIV. 10264 (RMB), 2006 WL 2109467, at *6 (S.D.N.Y. July 25, 2006) quoting *Golden First Mortgage Corp. v. Berger*, 251 F. Supp. 2d 1132, 1141 (E.D.N.Y.2003). Accordingly, Count 18 should be dismissed.

L. Plaintiffs' "Statutory" Fraudulent Conveyance Claim (Count 19) Should be Dismissed for the Additional Reason That it is Inadequately Alleged

Plaintiffs bring a "Statutory" claim for fraudulent conveyance in Count 19 without identifying the statute on which they are relying. Assuming Plaintiffs are relying on New York Debtor Creditor Law § 276, Count 19 should be dismissed. "To prevail on a claim under section

276 of the New York Debtor and Creditor law, the [plaintiff] must establish that (1) the thing transferred has value out of which the creditor could have realized a portion of its claim; (2) that this thing was transferred or disposed of by debtor; and (3) that the transfer was done with actual intent to defraud." *In re Flutie New York Corp*., 310 B.R. 31, 56 (Bankr. S.D.N.Y. 2004). The SAC does not specifically allege the Sera Orion Defendants transferred anything of value. The SAC also fails to allege direct proof of fraud or "badges of fraud" that would be sufficient to "amount to circumstantial evidence from which the requisite intent may be inferred" on the part of the Sera Orion Defendants. *See In re Vivaro Corp*., 524 B.R. 536, 554 (Bankr. S.D.N.Y. 2015) ("Under New York law, such circumstantial evidence is known collectively as the 'badges of fraud,' and may include: a close relationship between the parties to the conveyance; inadequacy of consideration received; retention of control of the property by the transferor; suspicious timing of the conveyance after the debt was incurred; the use of fictitious parties; information that the transferor was insolvent as a result of the conveyance; the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; the general chronology of the events and transactions under inquiry; a questionable transfer not in the usual course of business; and the secrecy, haste, or unusualness of the transaction."). Count 19 should therefore be dismissed.

M. Counts 20-22 Should be Dismissed Because There is no Private Right of Action <u>Under the Martin Act</u>

There is no private right of action under New York law for violations of the Martin Act. *See Wilamowsky v. Take-Two Interactive Software, Inc.,* 818 F. Supp. 2d 744, 760 (S.D.N.Y. 2011) ("New York courts have held that the Martin Act vests in the New York Attorney General the sole authority for prosecuting state law securities violations sounding in fraud, and contains

no implied right of action"); *see also CPC Int'l Inc. v. McKesson Corp.,* 70 N.Y.2d 268, 275 (1987) ("there is no implied private cause of action for violations of the antifraud provisions of the Martin Act"). Counts 20-22 each allege a cause of action under the Martin Act. SAC ¶¶ 734-745. Counts 20-22 are thus subject to dismissal.

N. Count 23 is Subject to Dismissal Because it is Inadequately Alleged and There is no Independent Cause of Action Under New York Law for Injunctive Relief

Plaintiffs' claim for injunctive relief should be dismissed for two reasons. First, "[i]t is well settled that a request for injunctive relief is not an independent cause of action." *Budhani v. Monster Energy Co*., 527 F. Supp. 3d 667, 688 (S.D.N.Y. 2021). Instead, an "injunction is merely the remedy sought for the legal wrongs alleged in the substantive counts." *Id*. Second, the SAC's allegations on their face demonstrate the absence of a risk of future harm. *See Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 239 (2d Cir. 2016) ("[p]ast injuries . . . do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way"). Plaintiffs acknowledge that NovaTech lost its license for its trading software and had "suspended all new accounts" in the United States in 2023, *see* SAC ¶¶ 306-07, and admit that NovaTech ceased operations in May 2023. *Id*. at ¶ 26. Accordingly, Plaintiffs cannot maintain a claim for injunctive relief.

O. Count 24, Alleging a Cause of Action for an Accounting, is Subject to Dismissal for the Additional Reason That it is Inadequately Alleged

"Under New York law, there are four elements to a claim for equitable accounting: (1) a fiduciary relationship (2) entrustment of money or property (3) no other remedy and (4) a demand and refusal of an accounting." *Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc*., 333 F. Supp. 3d 307, 315 (S.D.N.Y. 2018). The SAC does not sufficiently allege a single element of a cause of action for an accounting against the Sera Orion Defendants. The Sera Orion Defendants were plainly not in a fiduciary relationship with Plaintiffs. Plaintiffs have also

not alleged that they provided money or property to the Sera Orion Defendants, that they lack an adequate remedy at law, or that they demanded an accounting from the Sera Orion Defendants and were refused. Count 24 alleging an accounting against the Sera Orion Defendants should be dismissed.

## III. Discovery Should be Stayed Under the PSLRA Pending Resolution of the Motion to Dismiss

Because this putative class action arises from securities fraud allegations, discovery should be stayed pursuant to the PSLRA pending the Court's ruling on the instant motion to dismiss. *See In re Smith Barney Transfer Agent Litig.*, No. 05 CIV. 7583 (WHP), 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) ("if plaintiffs could circumvent the stay by including non-securities claims in a complaint, the PSLRA's requirements would essentially be vitiated.").

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint against the Sera Orion Defendants should be dismissed with prejudice.

By: */s/ Daniel Goldman*
Daniel Goldman
dgoldman@bklwlaw.com

Bienert Katzman Littrell Williams LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700