IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

AVIS MULLINS,
UNITED INVESTOR COMMUNITY (UIC)
(Individually and on behalf of all others
similarly situated.)                                    Civil Case No.: 1:24-CV-00824-VSB

                      Plaintiff,

-against-

NOVATECH,
CYNTHIA PETION,
EDDY PETION et al.,

                      Defendants
_____

**PLAINTIFFS' MOTION FOR AN OUT OF TIME EXTENSION FILE THEIR
RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs, United Investor Community and Avis Mullin, on behalf of themselves and the putative class, hereby move the Court for an out of time thirty (30) day extension of time to file their response to Defendants' Kyle Farman and Sera Orion, LLC. (collectively, referred to "Defendants"), Motions to dismiss Plaintiff' Second Amended Complaint (the "Motion", ECF # 247). In support of this motion, Plaintiffs state as follows:

    **A.**    **Applicable Authority:**

    1.    Federal Rules of Civil Procedure, Rule 6(b)(1)(B), titled "Extending Time", provides in relevant part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect.".

**B.     Procedural History (As Related to Defendants' Motion to Dismiss):**

2. On August 9, 2024, Plaintiffs filed a Second Amended Complaint ("SAC"). *See* ECF # 37.

3. On September 17, 2024, Defendants' attorney, Daniel Z. Goldman, executed a waiver of the service of summons for the Defendants. *See* ECF #s 212 & 213.

4. On November 20, 2024, Defendants filed a Motion to Dismiss the Complaint and Memorandum of Law in Support of Motion to Dismiss. *See* ECF No. 247 & 248.

5. On December 11, 2024, Defendants filed a Reply Memorandum of Law in Support of Motion to Dismiss. *See* ECF # 252.

6. In their Reply Memorandum, Defendants argue that their Motion to Dismiss should be granted because, inter alia, Plaintiffs "failed to file an opposition to the Motion by the deadline set forth in Local Rule 6.1(b), namely December 4, 2024." *See* ECF # 252 at 1.

**C.     Discussion**

7. While it is true that Plaintiffs failed to file an opposition to the Motion, the failure was inadvertent and constitutes "excusable neglect."

8. The undersigned counsel's father passed away on November 16, 2024, following a prolonged period of deteriorating health. This event was deeply emotional and impacted counsel's ability to manage personal and professional obligations.

9. Counsel was required to travel to New York, where his father resided, to manage funeral arrangements and address matters related to his father's estate and personal belongings.

10. These circumstances took an extraordinary toll on counsel, leading to calendaring issues and the inadvertent failure to file an opposition to the Motion on time.

11. Plaintiffs counsel conferred with Defendants' counsel who indicated that he does not object to the filing of the response in opposition to be motion to dismissed being filed by January 10, 2025.

12. Granting this extension will not prejudice any party or compromise the efficient administration of justice.

WHEREFORE, Plaintiffs respectfully request that the Court allow Plaintiffs until January 10, 2025, to file their response to Defendants' Joint Motion to Dismiss, and grant such further additional relief as the Court deems just and proper.

Respectfully Submitted,

/s/ J. Wil Morris
J. Wil Morris, Esquire
Attorney for Plaintiff
2800 Biscayne Blvd, Suite 530
Miami, Florida 33137
Telephone: 305-444-3437
Fax: 305-444-3457
Email: wilm@morrislegalfla.com
Florida Bar No.: 069493

**Certificate of Service**

I, Wil Morris, hereby certified that the foregoing Motion has been served on the attorney(s) for the Defendants in this case via ECF on December 12, 2024.

/s/ J. Wil Morris