UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                              :

AVIS MULLINS, *individually and on behalf*  :
*of all others similarly situated, and* UNITED  :
INVESTOR COMMUNITY                :

                              :         24-CV-824 (VSB) (SDA)

                   Plaintiffs,    :

                              :         **OPINION & ORDER**

        - against -         :

                              :

                              :

NOVATECH, *a foreign company*, *et al.*,   :

                              :

            Defendants.  :

                              :
---------------------------------------------------------X

Appearances:

Jolyon W. Morris
Morris Legal, LLC
Miami, FL
*Counsel for Plaintiffs*

Alexander Sakin
Law Office of Alexander Sakin
New York, NY
*Counsel for Defendant Ricardo Roy*

Vincent Bianco
Law Offices of Vincent Bianco
Westbury, NY
*Counsel for Defendants Frantz Ciceron, Ciceron Frantz & Associates, Inc., King Multi Service Agency, Inc., and Bertha Ciceron*

William Grausso
Bohemia, NY
*Counsel for Defendant James Corbett*

Adam J. Rader
Lawrence A. Steckman
Hecht Partners LLP
New York, NY
*Counsel for Defendants Bwalya Desmond and Antonio Arnold*

Marcellous S. McZeal
Grealish McZeal, LLP
Houston, TX
*Counsel for Defendants Dapilnu Dunbar, Corrie J. Sampson, John Garofano, Robert Bearden, Steven Greene, Stanley G. Richards, Devey Dejong, Bob St. Louis, Sophia St. Louis, Heather J. Belanger, Goldentastic Consulting LLC, Marsha Hadley, Micheline Thomas, Marie Josee Jean-Bart, Atukuzwe Nyirenda, Andrelle Calixte, George C. Fraser, Yvonne Murren, Martin Jean Zizi, Trinity of Success Club, Inc., Positive Vision Marketing, LLC, and Samantha Zizi*

Daniel Z. Goldman
Bienert Katzman Littrell Williams LLP
San Clemente, CA
*Counsel for Defendants Kyle M. Farman & Sera Orion LLC*

VERNON S. BRODERICK, United States District Judge:

On February 5, 2024, Plaintiffs Avis Mullins ("Mullins") and the United Investor Community, Inc. ("United Investor," and collectively with Mullins, "Plaintiffs") brought this lawsuit by filing their initial complaint against Novatech, LTD, "a foreign corporation duly registered in Saint-Vincent and the Grenadines." (Doc. 1 ¶ 12.) Plaintiffs also brought suit against 17 other entities and individuals as well as "John Does 1-500." (*Id.* ¶¶ 101–36.) On February 7, 2024, Mullins filed the first amended complaint, also against Novatech, LTD, 17 individuals and other entities, and John Does 1-500, alleging violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO") and federal securities law claims as well state law claims under the New York Organized Crime Control Act, a "Statutory Claim for Fraudulent Conveyance" and other common law claims. (Doc. 2.) On August 9, 2024, Mullins filed the second amended complaint, which added state law claims under the New York General Business Law, removed the federal securities law claims, but retained the federal RICO cause of

2

action, added new defendants, and removed other defendants.  (Doc. 37 ("Second Amended Complaint" or "SAC").)  The Second Amended Complaint is the operative complaint in this matter.  There are currently over 90 defendants named in this case.  (*Id.*)

Before me are six motions to dismiss the Second Amended Complaint filed by:  (1) Kyle Farman and Sera Onion, LLC's (the "Sera Defendants"), (Docs. 247–48); (2) Dapilnu Dunbar, Corrie J. Sampson, John Garofano, Robert Bearden, Steven Greene, Stanley G. Richards, Devey Dejong, Bob St. Louis, Sophia St. Louis, Heather J. Belanger, Goldentastic Consulting LLC, Marsha Hadley, Micheline Thomas, Marie Josee Jean-Bart, Atukuzwe Nyirenda, Andrelle Calixte, George C. Fraser, Yvonne Murren, Martin Jean Zizi, Trinity of Success Club, Inc., Positive Vision Marketing, LLC, and Samantha Zizi (the "22 Movants"), (Doc. 250 ("22 Movants Mot.")); (3) Ricardo Roy ("Roy"), (Docs. 257–58); (4) Antonio Arnold ("Arnold"), (Docs. 274–75); and (5) Troy Rejda ("Rejda"), (Doc. 285 ("Rejda Mot. I"); Doc. 286 ("Rejda Mot. II")) (collectively, the "Moving Defendants").

On November 20, 2024, the Sera Defendants filed their motion to dismiss, (Doc. 247), accompanied by a memorandum of law, (Doc. 248 ("Sera Mot.")).  On January 10, 2025, Plaintiffs filed their opposition.  (Doc. 261.)  On January 17, 2025, the Sera Defendants filed their reply.  (Doc. 263.)  On November 21, 2024, the 22 Movants filed their motion to dismiss. (22 Movants Mot.)  On December 11, 2024, the Plaintiffs filed their opposition.  (Doc. 251.)  On that same date, the 22 Movants filed their reply.  (Doc. 252.)

Roy brought his motion to dismiss on January 6, 2025, (Doc. 257), with an accompanying memorandum of law, (Doc. 258 ("Roy Mot.").)  Plaintiffs filed their opposition to this motion on February 19, 2025.  (Doc. 269.)  Roy filed his reply on March 5, 2025.  (Doc. 276.)  Arnold filed his motion to dismiss on March 5, 2025, (Doc. 274), with an accompanying

3

memorandum of law, (Doc. 275 ("Arnold Mot.")).  Plaintiffs filed their opposition to this motion

on May 1, 2025.  (Doc. 281.)  Arnold filed his reply on June 10, 2025.  (Doc 284.)  Rejda filed

his motions to dismiss on July 28, 2025, (Rejda Mot. I), and July 30, 2025, (Rejda Mot. II).

Plaintiffs filed a response to Rejda's motions on August 13, 2025.  (Doc. 288.)  Rejda did not file

replies.

By an amended order of reference issued on December 18, 2025, I referred the motions to

dismiss to Magistrate Judge Stewart D. Aaron for a report and recommendation.  (Doc. 290.)  On

December 23, 2025, Magistrate Judge Aaron issued a thorough 21-page Report and

Recommendation, recommending that the Sera Mot., 22 Movants Mot., Roy Mot., Arnold Mot.,

and Rejda Mot. II  be GRANTED, that Rejda Mot. I be DENIED without prejudice, and that

Plaintiffs be given leave to replead their claims against the Sera Defendants, the 22 Movants,

Roy, Arnold, and Rejda.  (Doc. 291 ("Report" or "Rep.") at 2.)  Subsequently, Magistrate Judge

Aaron recommended that Rejda be permitted to renew his motion to dismiss for lack of personal

jurisdiction after the Plaintiffs file their third amended complaint.  (*Id.* at 20.)

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report

and recommendation of a magistrate, to which no timely objection has been made, a district

court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v.

Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties shall have fourteen (14) days

(including weekends and holidays) from service of this Report and Recommendation to file

written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure" and "[f]ailure to object within fourteen (14) days will result in a waiver of objections

and will preclude appellate review," (Rep. 20–21 (capitalization altered and emphasis omitted)), neither party filed an objection or requested additional time to do so.  I have reviewed Magistrate Judge Aaron's detailed and well-reasoned Report for clear error and, after careful review, find none.  I therefore ADOPT the Report in its entirety.

As the Report explains, the Second Amended Complaint alleges that a company called NovatechFx, founded by Defendants Cynthia Petion and Eddy Petion, "functioned as a pyramid scheme."  (Rep. 4.)  Plaintiffs also allege the existence of a prior related pyramid scheme called "AWS Mining."  (*Id.* at 4–5.)  Plaintiff Mullins was allegedly an investor in both AWS Mining and NovatechFx.  (*Id.* at 7.)  Plaintiff United Investor is alleged to be a not-for-profit membership organization that represents the interests of those who invested in AWS Mining and NovatechFx.  (*Id.*)  This action is brought as a purported class action of "all those who transmitted or forwarded cryptocurrency, money or property to NovaTech[Fx] between January 2019 and December 2023 . . . and were financially damaged when NovaTechFx blocked Plaintiff[s'] accounts and refused to return the cryptocurrency, money and/or property."  (SAC ¶ 473.)

Plaintiffs allege the Sera Defendants knew that NovaTechFx was a Ponzi Scheme and lied about that knowledge, recruiting "thousands of people to invest in NovatechFx."  (Rep. 8.)  Plaintiffs allege the 22 Movants also participated in the NovaTechFx Ponzi Scheme, variously serving as officers and employees of the company, knowingly lying to potential "investors" about whether NovaTechFx was a Ponzi Scheme, or recruiting individuals to invest in AWS Mining and NovaTechFx.  (*Id.* at 8–11.)  Plaintiffs allege Roy, brother of NovaTechFx's founder, who served as the technology officer for NovaTechFx, also knew NovaTechFx similarly recruited individuals to invest in NovaTechFx.  (*Id.* at 11–12.)  With regard to Arnold,

Plaintiffs allege he also promoted NovaTechFx, while knowing it was a Ponzi Scheme, and recruited investors by lying about NovatechFx. (*Id.* at 12.) Similar allegations have been asserted against Rejda. (*Id.*)

I agree with Judge Aaron's conclusion that Plaintiffs have not properly alleged standing to pursue their claims against the Moving Defendants. (*Id.* at 12–16.) Plaintiffs have failed to allege "the circumstances under which [they] came to invest in AWS Mining and/or NovatechFx, or conduct by any of the Defendants directed towards Plaintiffs." (*Id.* at 15.) Therefore, they cannot show "a direct nexus between the defendant's actions and the plaintiff's injuries." (*Id.* (quoting *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 468–69 (S.D.N.Y. 2009)). Because standing is a threshold issue, I can consider Magistrate Judge Aaron's recommendations with regard to standing, even if the 22 Movants and Rejda did not directly "refer to the lack of standing in their motion papers," especially considering that "their arguments suggest a lack of standing." (*Id.* at 13 n.7 (citing *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)).) Therefore, I dismiss Plaintiffs' Second Amended Complaint as to the Moving Defendants without prejudice and with leave to replead. (*Id.* at 16 (recommending "that Plaintiffs be granted leave to amend by filing a Third Amended Complaint" "[b]ecause it is plausible that Plaintiffs may be able to assert allegations sufficient to establish standing as to one or more of the moving defendants.").)

However, Plaintiffs, in drafting their third amended complaint, should consider the seven observations made by Magistrate Judge Aaron in his Report. (*Id.* at 16–19.) The Second Amended Complaint appears to contain unsupportable allegations and sets out a hodgepodge of claims and theories, many of which appear to run contrary to governing statutes and/or precedent. (*See id.* at 16–17 (discussing Plaintiffs' RICO claims); *id.* at 18 (discussing Plaintiffs'

6

civil conspiracy and penal code claims).)  In particular, Plaintiffs should consider Magistrate Judge Aaron's second and seventh caveats and, when repleading, streamline the allegations at issue here and focus on those claims for which the allegations plausibly allege violations of the law.  As Magistrate Judge Aaron explains, Rule 9(b) sets out a heightened pleading standard for claims of fraud.  (*Id.* at 17.)  This means that "to serve the purposes of Rule 9(b), we require plaintiffs to allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  "A plaintiff cannot satisfy Rule 9(b) by filing 'a complaint in which defendants are clumped together in vague allegations.'" *Double Alpha, Inc. v. Mako Partners, L.P.*, No. 99-CV-11541, 2000 WL 1036034, at *3 (S.D.N.Y. July 27, 2000) (quoting *Ellison v. Am. Image Motor Co.*, 36 F. Supp. 2d 628, 640 (S.D.N.Y. Feb. 19, 1999)); *see also Pallickal v. Tech. Int'l, Ltd.*, No. 94-CV-5738, 1996 WL 153699, at *1 (S.D.N.Y. Apr. 3, 1996) ("Where there are multiple defendants, a complaint must identify which defendant is responsible for which act.").  In other words, group pleading is unlikely to satisfy Rule 9(b).  As a practical matter, Plaintiffs would do well to focus on those specific Defendants against whom they believe they can make concrete, particularized, and distinct allegations of fraud, so as to avoid a morass of duplicative and non-cognizable claims against ancillary participants in the alleged scheme that will not be able to meet the heightened standard of Rule 9(b).

Finally, I agree with Magistrate Judge Aaron that Rejda's Rule 12(b)(5) motion fails because he was served after the filing of his motion.  (Rep. 19 (citing Doc. 287).)  As to Rejda's Rule 12(b)(2) argument, I concur with Magistrate Judge Aaron that I cannot resolve this argument on the current papers, since the third amended complaint may not include RICO claims, as governing Second Circuit law "bars a plaintiff from asserting a civil RICO claim

7

premised upon predicate acts of securities fraud." (Rep. 17 (quoting *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 280 (2d Cir. 2011).[1])  Whether jurisdiction exists and venue is proper in the Southern District of New York must await the filing of the third amended complaint.  Therefore, Rejda Mot. I is denied without prejudice.

The Moving Defendants' Motions to Dismiss are GRANTED due to lack of standing pursuant to Rule 12(b)(1).  (Docs. 247, 250, 257, 274, 285, 286.)  Rejda's Motions to Dismiss under Rules 12(b)(2) and 12(b)(5) are DENIED without prejudice to refiling once Plaintiffs submit a third amended complaint.  (Docs. 285, 286.)  The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 247, 250, 257, 274, 285, and 286.  Plaintiffs shall file a third amended complaint no later than 30 days from filing of this Opinion & Order.  Failure to file a third amended complaint may result in dismissal of the Second Amended Complaint with prejudice.

SO ORDERED.

Dated: March 30, 2026
       New York, New York

_____
Vernon S. Broderick
United States District Judge

---

[1] Civil RICO suits in the Second Circuit can only be brought in "district court where personal jurisdiction based on minimum contacts is established as to at least one defendant. . . . Then, jurisdiction can be obtained on a showing that the ends of justice so require." *Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 314–15 (S.D.N.Y. 2010) (internal quotation marks omitted).