**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

AVIS MULLINS, individually and on behalf of all others similarly situated, and UNITED INVESTOR COMMUNITY,

Plaintiffs,

Case No. 1:24-CV-00824 (VSB)

-against-

NOVATECH, a foreign company, et al.,

Defendants.

---

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COURT'S ORDER OF MARCH 31, 2026 (ECF NO. 293) AND FOR RELATED RELIEF

### PRELIMINARY STATEMENT

Plaintiff Avis Mullins, by and through her counsel of record, Jolyon W. Morris, Esq. of Morris Legal, LLC, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4) for an extension of sixty (60) days -- through and including June 8, 2026 -- within which to respond substantively to the Court's Order dated March 31, 2026 (ECF No. 293), which directs Plaintiffs to submit a letter demonstrating good cause as to why the action should not be dismissed as against thirty-seven (37) unserved defendants.

This motion is made on the ground that undersigned counsel has determined, after considerable effort, that the firm is unable to continue financing this litigation and, as a matter of professional responsibility, has advised Plaintiff of that circumstance and of her right to seek new counsel. Undersigned counsel will remain as counsel of record in the interim, is committed to protecting Plaintiff's rights and interests during the transition period, and -- upon Plaintiff's

retention of new counsel -- will actively assist incoming counsel in transitioning into the matter before seeking leave of the Court to withdraw. The requested extension is necessary to afford Plaintiff a fair and meaningful opportunity to retain new counsel who will be positioned to respond substantively to the Court's Order.

**BACKGROUND**

Plaintiff Avis Mullins, individually and on behalf of all others similarly situated, commenced this action on February 5, 2024, alleging, inter alia, violations of the federal securities laws and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. SS 1961 et seq., arising from the operation of an alleged cryptocurrency-based Ponzi scheme conducted by Defendants. (ECF No. 1.) Plaintiffs filed a First Amended Complaint on February 7, 2024 (ECF No. 2), and a Second Amended Complaint -- the operative pleading -- on August 9, 2024. (ECF No. 37.) The Second Amended Complaint names ninety-one (91) defendants.

On March 31, 2026, this Court issued an Order directing Plaintiffs to submit, no later than April 8, 2026, a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why the complaint should not be dismissed as against thirty-seven (37) defendants who have not yet been served in this action. (ECF No. 293.) The Order warns that failure to demonstrate good cause will result in dismissal of the action as against those thirty-seven defendants.

Undersigned counsel accepted this matter on a contingency basis and, in doing so, undertook the financial obligation of advancing the costs of litigation. Since the commencement of this action, counsel has vigorously prosecuted Plaintiff's claims and has advanced a substantial sum in litigation costs on Plaintiff's behalf. Given the scale and complexity of this litigation -- which names ninety-one defendants and involves alleged international financial fraud -- the costs

reasonably necessary to bring the case through to resolution are considerable, with projections running into the hundreds of thousands of dollars. Accordingly, counsel pursued third-party litigation financing as a necessary condition to the firm's continued advancement of case costs.

Despite diligent and sustained efforts -- including outreach to separate litigation financing entities – those entities declined to provide funding, citing concerns about the collectability of any potential judgment against the defendants in this matter. As a result, and despite counsel's genuine belief in the merits of Plaintiff's claims, Morris Legal, LLC is not in a financial position to continue advancing the costs of this litigation.

**COUNSEL'S CONFERENCE WITH PLAINTIFF AND ADVISEMENT OF RIGHTS**

On April 7, 2026, undersigned counsel conferred with Plaintiff Avis Mullins by telephone conference. During that conference, counsel fulfilled his professional and ethical obligations to Plaintiff by: (1) advising Plaintiff of the Court's Order (ECF No. 293) and the April 8, 2026 response deadline; (2) providing a candid and thorough explanation of the financial circumstances affecting the firm's ability to continue advancing the costs of this litigation; (3) advising Plaintiff that the firm cannot continue to finance the litigation under the current arrangement; (4) expressly advising Plaintiff of her right to seek and retain new legal counsel of her choosing; and (5) advising Plaintiff that the firm would remain as counsel of record in the interim and would take all steps necessary to protect her rights and interests while she pursues new representation.

Counsel further advised Plaintiff that the firm intends to file the instant motion requesting an extension of time to afford her a meaningful opportunity to retain new counsel, and that upon such retention, counsel will actively assist incoming counsel in fully transitioning into the matter -- including providing a comprehensive review of all pleadings, filings, legal and factual background, service status, and pending court directives -- before seeking leave of the Court to

withdraw from representation. Ms. Mullins acknowledged and understood the foregoing, expressed her appreciation for the efforts expended by the firm on her behalf, and confirmed her understanding of her right to seek new counsel.

## ARGUMENT

### I. THE COURT SHOULD GRANT A SIXTY-DAY EXTENSION OF TIME TO PROTECT PLAINTIFF'S RIGHT TO COUNSEL AND TO PERMIT AN ORDERLY TRANSITION OF REPRESENTATION.

Federal Rule of Civil Procedure 6(b)(1) provides that the Court may, for good cause, extend the time within which any act is required or allowed to be done. The decision to grant or deny an extension of time is committed to the sound discretion of the district court. Good cause exists here.

A party's right to be represented by counsel of her choosing is a fundamental component of the right to access the courts and to a fair opportunity to present her claims. Courts in this Circuit have consistently recognized that the withdrawal or anticipated change of counsel constitutes a legitimate basis for granting an extension of time, particularly where, as here, the extension is sought not to delay the proceedings but to ensure that the party's interests are adequately protected and that the litigation continues in an orderly fashion.

Here, the circumstances giving rise to this motion are compelling and fully beyond Plaintiff's control. Undersigned counsel has vigorously prosecuted this case since its inception and has advanced substantial sums in furtherance of that effort. The inability to secure third-party litigation financing -- despite diligent efforts with multiple financing entities -- constitutes a circumstance beyond either counsel's or Plaintiff's control that directly and materially affects the ability to continue the representation. These circumstances are in no respect attributable to any neglect, bad faith, or dilatory conduct on Plaintiff's part.

The sixty (60) day extension requested herein is both reasonable and necessary. Plaintiff must have a fair and adequate opportunity to identify, evaluate, and retain new counsel -- a process that, in a matter of this complexity, involving ninety-one defendants, claims under the federal securities laws and RICO, and a docket of nearly three hundred filings, necessarily requires sufficient time to locate qualified counsel willing and able to take on the representation. Imposing the existing April 8, 2026 deadline under these circumstances would effectively deny Plaintiff the opportunity to be meaningfully represented in responding to the Court's Order, to the prejudice of Plaintiff and the putative class.

Importantly, undersigned counsel is not abandoning Plaintiff or the litigation. Counsel will remain as counsel of record through the transition period, will take all steps necessary to protect Plaintiff's rights and those of the putative class in the interim, and will provide incoming counsel with a comprehensive and thorough transition -- including full briefing on the factual and legal background of the case, the status of service of process on each of the ninety-one defendants, the substance of the Court's Order, and all other matters necessary to position new counsel to respond substantively to ECF No. 293. Only upon the completion of that transition, and after new counsel has appeared, will undersigned counsel seek leave of the Court to withdraw from the representation.

No defendant will suffer prejudice from the requested extension. The defendants who have appeared in this action are represented by counsel and have not been required to take any affirmative action in connection with ECF No. 293. The thirty-seven unserved defendants -- the subject of the Court's Order -- have not yet appeared and therefore cannot demonstrate any particularized prejudice resulting from a sixty-day extension. A brief extension of time is, in all

respects, a modest and proportionate accommodation to address a significant and unanticipated change in circumstances.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff Avis Mullins respectfully requests that the Court grant the following relief:

(1) An extension of sixty (60) days -- through and including June 8, 2026 -- within which Plaintiff shall respond to the Court's Order of March 31, 2026.

(2) Permission for Plaintiff to seek and retain new counsel within that period, with the understanding that undersigned counsel will remain as counsel of record and will protect Plaintiff's interests in the interim.

(3) That, upon the retention and appearance of new counsel, undersigned counsel be permitted to file a motion to be relieved as counsel of record, following completion of an orderly transition of the representation to incoming counsel; and

(4) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MORRIS LEGAL, LLC**
Counsel for Plaintiff Avis Mullins
and the Putative Class

By: /s/ Jolyon W. Morris
Jolyon W. Morris, Esq
2800 Biscayne Boulevard, Suite 530
Miami, Florida 33137
Tel: (305) 444-3437
Fax: (305) 444-3457
wilm@morrislegalfla.com
Dated: April 8, 2026
New York Bar No.: 8728/JWM

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, a true and correct copy of the foregoing motion was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notices in this action.

/s/ Jolyon W. Morris
Jolyon W. Morris, Esq.